# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | | |
|---|---|---|
| Jason White, | ) | CASE NO. 1:24 CV 478 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ohio Department of Rehabilitation | ) | |
| and Corrections, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court on the Motion to Dismiss filed by defendants Ohio Department of Rehabilitation and Corrections ("ODRC"), CO Kristen Dreeszen ("CO Dreeszen"), CO Brandon Waller ("CO Waller"), and Warden Jennifer Black ("Warden Black") (collectively, "Defendants"). (Doc. 11.) This is a Section 1983 case, alleging excessive force. For the reasons that follow, the motion to dismiss is GRANTED and the case is DISMISSED.

**BACKGROUND**

*Pro se* plaintiff Jason White ("White") is an inmate detained at the State of Ohio's Lorain Correctional Institution. He alleges that on some day in November 2023,[1] he attempted to leave his

---

[1] White's Complaint says "[o]n or about 11/ /23 . . . ." (Doc. 1, at 3.) It appears White forgot to indicate the exact day in November 2023 on which the alleged incidents occurred. White filed a separate Motion to Preserve Evidence, in which he claims the date of the incident was November 16, 2023. (Doc. 3.)

housing unit on a library pass, but CO Dreeszen denied his pass. According to White, he immediately requested a supervisor to explain, but CO Dreeszen called for yard officers instead of a supervisor.

CO Waller and "Blaise"[2] allegedly entered the unit and began arguing with White. White claims that he raised his hands above his head and CO Dreeszen deployed "OC aiming at [White's] face but hitting CO Waller."[3] (Doc. 1, at 4.) According to White's allegations, "multiple correctional officers" then began kicking his back and legs and grabbing his arms and back. White alleges that CO Dreeszen sprayed OC into a rag and placed the rag into White's mouth while grabbing his nose and covering his mouth. White says he could not breathe for several moments. White claims that CO Waller and Blaise then escorted him in handcuffs to medical. On the way, White alleges that CO Waller "threw [White] sideways, head first[sic], against the exterior brick wall," "accompanied . . . with a threat." (*Id.*)

White brings this suit, alleging that Defendants violated Section 1983 because CO Dreeszen and CO Waller used excessive force against him. Defendants move to dismiss White's entire Complaint for failure to state a claim. White has not opposed Defendants' motion.[4]

---

[2] White does not further identify Blaise, nor does he name as a defendant any person by this name.

[3] White does not clarify what "OC" is but, to the best of the Court's knowledge, OC likely refers to oleoresin capsicum (i.e., pepper spray), an aerosol spray carried by correctional officers in many correctional institutions.

[4] Defendants filed their motion on April 17, 2024. As of May 21, 2024, White had not responded to the motion. The Court noticed, however, that the certificate of service attached to Defendants' motion did not list White's correct inmate identification number. Given the error, the Court had concerns that White did not receive a copy of the motion. Therefore, the Court ordered Defendants to serve their motion on White again and certify to the Court that it was served using the correct identification number. (Doc. 12.) Defendants unnecessarily refiled their entire motion to dismiss but did not correct the inmate identification number in the certificate of service. (Doc. 13.) Thereafter, Defendants filed an Amended Certificate of Service, certifying that a copy of the Motion to Dismiss was served upon White using his correct inmate identification number. (Doc. 14.) Defendants also

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations of the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 335 F. App'x 587, 588 (6th Cir. 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). That said, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The Court is not required to accept as true legal conclusions or unwarranted factual inferences. *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that

---

included tracking information that noted a copy of the Motion to Dismiss was mailed to White (using his correct inmate identification number) on May 22, 2024, and received. (*Id.*) Given these facts, White had until June 24, 2024, to respond to Defendants' motion. To date, he has not responded.

3

merely offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Although *pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), courts are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).

**DISCUSSION**

White brings this claim under 42 U.S.C. § 1983. To state a claim under § 1983, White must show that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citation omitted).

1. **ODRC**

As an initial matter, ODRC is not a proper party to this civil rights action. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). ODRC is clearly a state agency and entitled to Eleventh Amendment immunity. Accordingly, White's claim against ODRC must be dismissed.

2. **CO Dreeszen, CO Waller, and Warden Black**

To the extent White has sued CO Dreeszen, CO Waller, and Warden Black in their official capacities only, the Eleventh Amendment also precludes White's claims against these defendants.

White does not explicitly state in his Complaint whether he sues CO Dreeszen, CO Waller, and Warden Black in their individual and/or official capacities. In the Sixth Circuit, there is no per se

rule that a plaintiff must affirmatively plead "individual capacity" in his complaint. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (discussing *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989) and its progeny). But, "'absent *any* indication that these defendants are being sued individually, [the Court] must assume that they are being sued in their official capacities . . . .'" *Moore*, 272 F.3d at 772 (quoting *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) (further citation omitted in original; emphasis added in original)). The Sixth Circuit "applie[s] a 'course of proceedings' test to determine whether § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable[.]" *Moore*, 272 F.3d at 772. This test "considers such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 772 n.1 Additionally, a court should consider "whether subsequent pleadings put the defendant on notice of the capacity in which he or she is [being] sued." *Rogers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (citing *Moore*, 272 F.3d at 772 n.1).

Here, some facts suggest White intends to sue CO Dreeszen, CO Waller, and Warden Black in their individual capacities. White names the individual defendants by name only (without reference to their titles) in his Complaint's caption (Doc. 1-1), he seeks compensatory damages,[5] and his

---

[5] "Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity," *Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002), the Sixth Circuit has clarified that it "[does] not read [*Moore*] as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity. To so hold would be inappropriate, [when] the rest of the complaint so strongly suggests an official capacity suit." *Id.*

5

Complaint attributes his harm to the actions of the individual defendants, rather than some custom or policy of ODRC. *See Kirkland v. ODRC*, 2023 WL 8807240, at *4 (N.D. Ohio Dec. 19, 2023) ("Plaintiff's amended complaint attributes each of the Defendants' actions to them personally. . . . [A]n official capacity suit against Defendants would stem from policies and procedures of the officials or inadequate training claims.").

Considering the course of the proceedings as a whole, however, the Court finds that insufficient indicia exist suggesting that White has sued CO Dreeszen, CO Waller, and Warden Black in their individual capacities. While the Complaint's caption does not include any titles, White did include titles when listing defendants in his form complaint (Doc. 1, at 3), and he attempted to serve each individual defendant at their place of employment. White does not individualize the damages he seeks from each Defendant. Instead, he seeks general compensatory damages for the harm he faced "while ODRC employees were negligent and violent." *See Vittetoe v. Blount Cty.*, 861 F. App'x 843, 852 (6th Cir. 2021) (affirming ruling that defendant was sued in his official capacity where, among other things, plaintiff requested damages in general). Further, none of the individual defendants has raised a qualified immunity defense. *Cf. Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) ("[T]he assertion of a qualified-immunity defense (even a contingent qualified-immunity defense) indicates that the defendants were aware they could be held personally liable[.]"). Finally, White has not responded to Defendants' Motion to Dismiss and, thus, has offered nothing to rebut Defendants' contention that White has sued CO Dreeszen, CO Waller, and Warden Black in their official capacities only. *See Patterson v. City of Akron*, 2016 WL 3364919, at *5 (N.D. Ohio June 17, 2016) (finding plaintiff sued police officers in their official capacities based on the court's reading of the entire complaint in its own context, in view of the fact that plaintiff did not oppose defendants'

assertion that the complaint was aimed at them only in their official capacities, even though police officer defendants were listed in the caption of the complaint as being sued in both their individual and official capacities, and plaintiff sought compensatory and punitive damages, jointly and severally, against all of the defendants).

Having found that White has sued CO Dreeszen, CO Waller, and Warden Black in their official capacities only, the Court must dismiss White's claims against these defendants. It is well-settled that state officials, sued for monetary relief in their official capacities, are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). As the Supreme Court has explained, although "state officials literally are persons . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself." *Id.* (internal citation omitted). Therefore, because the Eleventh Amendment bars suits for money damages against the State, it also bars suits against state employees sued in their official, as opposed to individual, capacities. *See id.* at 66-71; *see also Quern v. Jordan*, 440 U.S. 332, 340–41 (1979). Accordingly, White's claims against CO Dreeszen, CO Waller, and Warden Black[6] in their official capacities are barred by the Eleventh Amendment and must be dismissed.

---

[6] Even if White had sued Warden Black in her individual capacity, White's claims against her would still be dismissed. White has failed to allege any facts in his Complaint that suggest Warden Black committed any act that deprived him of a right secured by the Constitution or federal law. White's only allegation concerning Warden Black is that she "undergo retraining as CO Dreeszen's employment record recognizes her as unfit to fulfill her duties." (Doc. 1, at 5.) It is well-settled, however, that Section 1983 does not provide for vicarious or respondent superior lability. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008). Further, "a supervisory official's failure to supervise, control, or train the offending

7

**CONCLUSION**

For all the aforementioned reasons, the Defendants' Motion to Dismiss is GRANTED and the case is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge

Dated:  6/26/24

---

individual is not actionable, unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) (citation and internal quotation marks omitted).